IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CYNTHIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1051-C |
| | ) | |
| CLEVELAND COUNTY BOARD OF | ) | |
| COUNTY COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court are three Motions: the Motion to Dismiss of Defendant Board of County Commissioners for Cleveland County (Dkt. No. 9); the Motion to Dismiss of Defendant Joseph K. Lester, in his Official Capacity (Dkt. No. 10); and the Motion to Dismiss of Defendant Joseph K. Lester, Individually (Dkt. No. 11). Plaintiff has responded to each Motion and they are now at issue.

I. Background

Plaintiff brings this case as the personal representative of the estate of Austin Vance, a deceased individual. On April 26, 2016, at about 12:30 p.m., law enforcement officers found Vance hallucinating and dancing in a street in Norman, Oklahoma. The officers arrested Vance for public intoxication and took him to the hospital to determine whether he was fit for incarceration. Plaintiff claims Vance told the officers he had ingested Adderall and was sweating, overly animated, hallucinating, and twitching and moving his limbs rapidly.

Although a meaningful health evaluation was not completed, Vance was declared fit for incarceration and taken to the Cleveland County Detention Center where he was placed in the sheriff's department's custody. Plaintiff alleges that although Vance was clearly not healthy, jail personnel, rather than providing medical care, used excessive force by strapping Vance to a chair for an unknown amount of time, placed a hood over his head, and left him in a room with video camera monitoring. Vance later suffered cardiac arrest and died.

Plaintiff filed this case in the District Court of Cleveland County, Oklahoma, on March 6, 2017, and the Defendants removed the case to this Court on October 2, 2017. Plaintiff claims the actions and policies of the sheriff's department personnel and John Doe emergency room physicians deprived Vance of his constitutional rights in violation of 42 U.S.C. § 1983 and the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and Article 2, § 30 of the Oklahoma Constitution. Plaintiff also brings tort claims and requests punitive damages. Defendants Lester and the Board of County Commissioners for Cleveland County ("BOCC") request dismissal of the Amended Petition.

## II. Standard

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and the subsequent decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a pleading must contain enough allegations of fact which, taken as true, "state a

claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. <u>Id.</u> Thus, the starting point in resolving the Motions is to examine the factual allegations supporting each claim that Defendants wish the Court to dismiss. The Court will accept all well-pleaded factual allegations in the Amended Petition as true and construe them in the light most favorable to the nonmoving party. <u>Peterson v. Grisham</u>, 594 F.3d 723, 727 (10th Cir. 2010). However, conclusory allegations need not be accepted as true. <u>Kansas Penn Gaming, LLC v. Collins</u>, 656 F.3d 1210, 1214 (10th Cir. 2011).

### III. Discussion

The Amended Petition (Dkt. No. 1-3) suffers numerous deficiencies, the sum of which make it impossible for the reader to know which facts are attributed to each Defendant, therefore preventing the parties from filing proper answers. Plaintiff is granted leave to amend, provided that each deficiency described herein is corrected and the amended document is filed within fourteen (14) days of the date of this Order.

<u>A. Global Amendments</u>

The Amended Petition suffers from a global comma deficiency, with the worst outcome being that the reader cannot discern whether Plaintiff claims the BOCC is responsible for Norman Regional Hospital's actions, or whether Plaintiff alleges both acted independently. The Amended Petition also alleges the City of Norman operates and controls the Norman Regional Hospital. Plaintiff shall make clear who is to answer for the hospital's operation or omit language as to the hospital's liability if the hospital is no longer a Defendant.

Next, the first cause of action implicates the City of Norman Police Department and its agents and one of Plaintiff's responses again discusses claims against the "City" (Pl.'s Resp. to Mot. to Dismiss, Dkt. No. 23, p. 14). The City of Norman is not named and Plaintiff shall remedy these errors. For the sake of clarity, Plaintiff shall remove each Defendant subject to the Stipulation of Dismissal (Dkt. No. 18) if it is still her intention to dismiss them from the case.

B. Qualified Immunity

Defendant Lester argues he is entitled to qualified immunity on all the claims brought against him in his individual capacity. In order to overcome the defense of qualified immunity, Plaintiff "must establish that the defendant's conduct violated a federal constitutional or statutory right and that the right was clearly established at the time of the conduct." Hulen v. Yates, 322 F.3d 1229, 1237 (10th Cir. 2003) (citations omitted). If Plaintiff fails to establish either prong, Defendant Lester will prevail on the defense. See A.M. v. Holmes, 830 F.3d 1123, 1132 (10th Cir. 2016), cert. denied, A.M. ex rel. F.M. v. Acosta, 137 S. Ct. 2151 (2017).

The Court will determine whether the right was clearly established at the time of the conduct. "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Medina v. City & Cty. of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992) (citation omitted) (overruled on other grounds by Morris v. Noe, 672 F.3d 1185, 1197 n.5 (10th Cir. 2012)).

Plaintiff does not attempt to cite clearly established law, stating only that "Defendant Lester violated [Vance's] rights under the First, Fourth, Eighth, and Fourteenth Amendments" and it was "'clearly established' that a [pretrial detainee] had constitutional rights" under the same Amendments. (Pl.'s Resp. to Mot. to Dismiss, Dkt. No. 23, p. 19.) This is not a successful citation to a case clearly establishing liability. Additionally, the Amended Petition is devoid of facts showing how Defendant Lester was personally involved in violating Vance's rights. Accordingly, the Court must grant qualified immunity to Defendant Lester on all claims brought against him in his individual capacity.

C.  Defendant BOCC as Proper Party

Defendant BOCC argues it should be dismissed from the suit because it is an improperly named party. The Court disagrees. Plaintiff is suing Cleveland County for the actions of its employees, and Defendant BOCC is the proper party. See Pietrowski v. Town of Dibble, 134 F.3d 1006, 1009 (10th Cir. 1998); Cutter v. Metro Fugitive Squad, No. CIV-06-1158-GKF, 2008 WL 4068188, at *5 (W.D. Okla. Aug. 29, 2008) (dismissing official-capacity claims against sheriff because board of county commissioners was named). Here, naming the sheriff in his official capacity (whether against Sheriff Lester or the current Sheriff of Cleveland County) is redundant because Plaintiff has also named Defendant BOCC. Defendant Lester in his official capacity is dismissed and Defendant BOCC will remain.

D.  Causes of Action

The first cause of action names several Defendants in the heading, but then narrows the number of "individual Defendants" in paragraph 21, confusing the reader as to whom

5

each of the listed constitutional claims is brought against. (Am. Pet., Dkt. No. 1-3, p. 5.) Additionally, the first cause of action lists six violations, but the facts listed only support a small number of the violations. Plaintiff should amend to clearly define each constitutional violation as it relates to the facts within each claim and the named defendant, rather than require the reader to construe the claims.

Defendants argue the second cause of action must be dismissed because Plaintiff has failed to point to a specific policy or custom that caused Vance's constitutional deprivation. To maintain a claim for municipal liability under § 1983, a plaintiff must allege facts demonstrating "the entity executed a policy or custom . . . that caused the plaintiff to suffer deprivation of constitutional or other federal rights" or show the deprivation resulted from the conduct or decision of a final policymaker for the municipality. Moss v. Kopp, 559 F.3d 1155, 1168-69 (10th Cir. 2009) (citation omitted).

Here, Plaintiff alleges Vance's constitutional deprivations resulted from deliberately indifferent actions by "Defendant County['s maintenance of] a policy or custom of failing to adequately supervise the County Detention officers[] and medical providers[] and train staff." (Am. Pet., Dkt. No. 1-3, p. 6.) Additionally, Plaintiff alleges Defendant BOCC failed to "put in place procedures so that Austin Vance would receive medically appropriate care." Id. Plaintiff did not identify a particular policy because she alleges there was a lack of proper policy. This is sufficient to state a claim.

In the alternative, Plaintiff alleges Defendant BOCC "conducted an investigation of the events and concluded that all officers acted in conformance with the rules, regulations, policies, practices[,] and customs" of the department and Defendant BOCC therefore

6

ratified the officer's actions. Id. at 4, 7. To plead a theory of ratification under § 1983, Plaintiff must allege a final policymaker ratified the "decisions —and the basis for them— of subordinates to whom authority was delegated subject to these policymakers' review and approval." Brammer-Hoelter v. Twin Peaks Charter Acad., 602 F.3d 1175, 1189 (10th Cir. 2010) (citations omitted). "[T]he ratification must be the moving force, or cause, of the alleged constitutional violation." Dempsey v. City of Baldwin, 143 F. App'x 976, 986 (10th Cir. 2005) (unpublished); see also Cordova v. Aragon, 569 F.3d 1183, 1194 (10th Cir. 2009) (stating the "basic principals of linear time prevent us from seeing how conduct that occurs *after* the alleged violation could have somehow caused that violation").

Plaintiff does not allege facts showing how policymakers ratified the basis for the allegedly unconstitutional actions, nor does Plaintiff explain how this could be possible when the complaint is for a lack of policies to protect the rights of detainees. The Amended Petition also does not state facts to show how a ratification after the violation caused that violation. The ratification cause of action is dismissed.

The second cause of action also attempts to make out a failure to train claim by stating "Defendant [BOCC] maintained a policy or custom of failing to adequately supervise the County Detention officers . . . and train staff and put in place procedures so that Austin Vance would receive medically appropriate care." (Am. Pet., Dkt. No. 1-3, p. 6.) "[M]unicipal liability may be based on injuries caused by a failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." Brammer-Hoelter, 602 F.3d at 1189 (quoting City of Canton

7

v. Harris, 489 U.S. 378, 388 (1989)). Plaintiff fails to allege facts that satisfy the deliberate indifference requirement in any form. This claim is dismissed.

The fourth cause of action is legally sufficient to make out a claim. Plaintiff is not required to state the policy at issue, or the lack thereof, with specificity at this time. The Court finds it acceptable that Plaintiff states the policy or practice of Cleveland County "condoned the use of excessive force." (Am. Pet., Dkt. No. 1-3, p. 8.) However, the claim is lacking the facts to describe the actions taken by specific Defendants that were "objectively unreasonable under the circumstances and exceeded the force necessary." Id. This cause of action is dismissed due to the lack of factual specificity.

The fifth cause of action makes no attempt to plead the elements of assault or battery and is dismissed. As for both the fifth and seventh causes of action, the Governmental Tort Claims Act bars tort claims against Defendant BOCC. See 51 Okla. Stat. § 155(25); Medina v. State, 1993 OK 121, ¶ 11, 871 P.2d 1379, 1384 (concluding § 155 protects the state from claims "resulting from operational level actions by state officers or employees at a penal institution"); Redding v. State, 1994 OK 102, ¶ 8, 882 P.2d 61, 63 (stating §155 provides immunity for "the provision of medical care"). The intentional infliction of emotional distress claim does not specify which Defendant should answer, and Plaintiff must cure the deficiency.

At this time, the sixth cause of action cannot stand. Plaintiff has not alleged facts showing the Defendant John Doe Officers were acting outside the scope of employment. Plaintiff may amend to include the facts, and the Court will determine whether punitive damages are recoverable against the Defendants in their individual capacities as needed.

A municipality is immune from § 1983 and state law punitive damages, so if Plaintiff intended to bring the claim against the county, the claim is dismissed. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); 51 Okla. Stat. § 154(C).

## CONCLUSION

For the reasons stated, the Motion to Dismiss of Defendant Board of County Commissioners for Cleveland County (Dkt. No. 9) is GRANTED in PART and DENIED in PART. The Motion to Dismiss of Defendant Joseph K. Lester, in His Official Capacity (Dkt. No. 10) is GRANTED. The Motion to Dismiss of Defendant Joseph K. Lester, Individually (Dkt. No. 11) is GRANTED. Defendant Joseph K. Lester is DISMISSED from the suit in his individual and official capacities. Plaintiff shall file an amended Petition complying with the changes set out in this Order within seven (7) days.

Pursuant to the Stipulation of Dismissal (Dkt. No. 18), the Defendants, Turn Key Health Clinics and John Doe Employees of Turn Key Health Clinics, LLC's Motion to Dismiss (Dkt. No. 7) is MOOT and the Special Appearance and Motion to Dismiss of Norman Regional Hospital Authority (Dkt. No. 14) is MOOT.

IT IS SO ORDERED this 8th day of December, 2017.

ROBIN J. CAUTHRON
United States District Judge