IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CYNTHIA WILLIAMS, as Personal Representative )
of the Estate of AUSTIN VANCE, deceased, )
)
)
Plaintiff, )
)
v. )
) Case No.:   CIV-17-1051-C
BOARD OF COUNTY COMMISSIONERS FOR )
CLEVELAND COUNTY, JOHN DOE OFFICERS )
OF CLEVELAND COUNTY DETENTION )
CENTER, )
)
)
Defendants. )

## SECOND AMENDED COMPLAINT

COMES NOW, the Plaintiff, above-named, and pursuant to the Court's Order of December 8, 2017, amends her Complaint filed herein against the defendants and hereby alleges and states as follows:

### PARTIES, JURISDICTION, VENUE

1.  At all times pertinent to this case, Plaintiff Cynthia Williams was the duly appointed personal representatives of the Estate of Austin Vance, deceased, and was a resident of Norman, Cleveland County, Oklahoma. She brings this action on behalf of the Estate of Austin Vance, deceased.

2.  Defendant is the staff of the Board of County Commissioners of Cleveland

County ("BOCC"), in charge of the administration of the Cleveland County Detention Center, in Oklahoma. Defendant, Board of County Commissioners of Cleveland County (hereafter "Board") is a Political Subdivision of the State of Oklahoma and is charged, through its Sheriff's Department, with the law enforcement responsibilities of the Cleveland County, Oklahoma. The Cleveland County, Oklahoma, by and through its Sheriff and the Sheriff's Department, was at all times material hereto, under a duty to run its detention activities in a lawful manner, so as to preserve the peace within Cleveland county and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitution and the laws of both the United States and the State of Oklahoma.

3. At all times pertinent hereto, The Defendant John Doe officers are sued in their individual capacity as the jail guards for the Cleveland County Sheriff's Department.

4. This action is brought against a Political Subdivision of the State of Oklahoma pursuant to the Governmental Tort Claims Act ("Act"), 51 O.S. § 151, et seq..

5. In compliance with § 156 of the Act, Plaintiff filed notice of her claim in writing on or about August 8, 2016 with the Clerk of the Board of County Commissioners and Office. and the Sheriff's Department.

6. Plaintiff's Claim was deemed denied under § 157(A) because the Board and the Sheriff's Department did not approve the claim within the 90-day period.

## FACTS

7. Plaintiff hereby incorporates, in their entirety, paragraphs 1 through 6 as set

forth above and by reference make said Paragraphs a part hereof as if fully set forth herein.

8. On April 26, 2016, at approximately 12:30 p.m., Austin Vance, deceased was found dancing in the street in Norman, Oklahoma and hallucinating. As a result, Austin Vance was arrested for public intoxication and taken to Norman Regional Hospital Emergency room to determine his fitness for incarceration.

9. Upon information and belief Austin Vance made it known to the responding law enforcement officers that he had ingested "adderall", and although Vance was sweating heavily, and extremely animated, twitching and moving his arms and legs at a very rapid pace, the emergency room physicians, without performing any meaningful evaluation to assess his mental health condition, and diagnosis, declared Austin Vance fit for incarceration.

10. Upon information and belief, Austin Vance was subsequently taken into custody and left in the care and custody of the Sheriff's department of the Cleveland County in the Cleveland County Detention Center in Norman, Oklahoma. At the time of his incarceration, Austin Vance, deceased, was restrained to a chair for an unknown amount of time and hooded. The detention officers used force to restrain and subdue him, pursuant to the Sheriff's Department's policy, practice or custom, in reckless disregard for the welfare of Austin Vance, which resulted in Vance suffering cardiac arrest.

11. Austin Vance consequently became unresponsive and died. The Board of County Commissioners, under the authority granted to it by the State of Oklahoma and/or

the Cleveland County, operates and controls the Cleveland County Detention Center.

12.     As a result of the incident, Board of County Commissioners of Cleveland County, and the Cleveland County Sheriff's Department, by and through Defendant Sheriff Joseph K. Lester, conducted an investigation of the events and concluded that all officers acted in conformance with the rules, regulations, policies, practices and customs of the Cleveland County Sheriff's Department and the laws of the State of Oklahoma and the laws of the United States Government.

13.     The Board of County Commissioners ratified and approved the conduct of the officers involved, by exonerating them of any wrongdoing, and without disciplining them, such that the actions of the officers involved in the incident, constitute the policies, practices, and customs of the Cleveland County Sheriff's Department.

14.     As a direct and proximate result of the foregoing events, Austin Vance received numerous injuries which resulted in his death. Although the Medical Examiner's Office attributed the cause, and manner of death of Austin Vance to toxicity of metamphetamine, it is believed that, but for the forcible restraint and hooding of Vance by the detention officers, Vance would not have suffered excited delirium and died.

15.     At all times material herein, the officers of the Cleveland County Detention Center were acting in their official capacities and by virtue of their positions as law enforcement officers of the Cleveland County, Oklahoma.

## FIRST CAUSE OF ACTION, 42 U.S.C.§ 1983- BOARD OF COUNTY COMMISSIONERS AND JOHN DO<u>E</u> OFFICERS OF THE CCDC

16. The above paragraphs are incorporated by reference,

17 At all times material hereto, the individual detention staff involved in the application of force, were acting by virtue of their positions as law enforcement officers and employees of the Cleveland County Sheriff's Department, and were acting within the scope of their employment as law enforcement officers of the CCDC.

18. The failure by the Detention staff to provide adequate medical assistance and care to Austin Vance was unjustified and unnecessary under the circumstances and posed an unreasonable risk of serious health hazard to Austin Vance in violation of the rights secured to Austin Vance by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. sec. 1983

19. The application of force through the use of restraint by strapping Austin Vance to a chair was unjustified, unreasonable, unnecessary, excessive and grossly disproportionate to the actions of Austin Vance, if any, and constituted the use of excessive and unreasonable force in violation of the rights secured to Austin Vance by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. sec. 1983.

20. The application of force through the use of a hood over the head of Austin Vance was unjustified, unreasonable, unnecessary, and excessive and grossly disproportionate to the actions of Austin Vance, if any, and constituted the use of

excessive and unreasonable force in violation of the rights secured to Austin Vance by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. sec. 1983.

21. The conduct of the jail staff as described above in the application of such excessive, unreasonable and unnecessary force on Vance, and the deprivation of adequate medical assistance for Vance's serious medical condition demonstrated callous disregard for the welfare of Austin Vance and deliberate indifference by the staff of the CCDC. The failure to secure adequate medical assistance, under the circumstances demonstrated a callous disregard for the welfare of Austin Vance and deliberate indifference to his medical needs.

22. The CCDC staff committed the above described actions and/or omissions under the color of law and by virtue of their authority as law enforcement officers of Cleveland County Detention Center and substantially deprived Austin Vance of his rights, privileges and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. § 1983, and deprived Austin Vance, a pretrial detainee, of the rights guaranteed to him by the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution including, but not limited to Vance's :

    a. First Amendment rights of freedom of expression;

    b. Fourth Amendment rights of freedom from unlawful arrest and seizure of his person;

    c. Fourteenth Amendment rights of freedom from the use of

unreasonable, unjustified and excessive force;

d. Fourteenth Amendment rights of freedom from the deprivation of liberty without the due process of law;

e. Eighth Amendment rights of freedom from cruel and unusual punishment;

23. As a direct and proximate result of the foregoing acts and omissions, Austin Vance died.

24. The aforementioned actions of the individual officers were conscience shocking, and were proximately caused by the policies and customs or systemic deficiencies of the BOCC Defendant which was the underlying cause of Austin Vance's death.

**SECOND CAUSE OF ACTION, ARTICLE 2, § 30 OF THE OKLAHOMA CONSTITUTION--- AGAINST THE BOARD OF COUNTY COMMISSIONERS.**

25. Plaintiff hereby incorporates, in their entirety, paragraphs 1 through 31 as set forth above and by reference make said Paragraphs a part hereof as if fully set forth herein.

26. The failure by the Detention staff to provide adequate medical assistance and care to Austin Vance was unjustified and unnecessary under the circumstances and posed an unreasonable risk of serious health problems to Austin Vance in violation of the rights secured to Austin Vance by Article 2, sec. 30 of the Oklahoma Constitution.

27. The application of force through the use of restraint by strapping Austin

Vance to a chair was unjustified, unreasonable, unnecessary, excessive and grossly disproportionate to the actions of Austin Vance, if any, and constituted the use of excessive and unreasonable force in violation of the rights secured to Austin Vance by the .Article 2, sec. 30 of the Oklahoma Constitution.

28.     The application of force through the use of a hood over the head of Austin Vance was unjustified, unreasonable, unnecessary, and excessive and grossly disproportionate to the actions of Austin Vance, if any, and constituted the use of excessive and unreasonable force in violation of the rights secured to Austin Vance by the Article 2, sec. 30 of the Oklahoma Constitution.

29.     The CCDC staff committed the above described actions and/or omissions under the color of law and by virtue of their authority as law enforcement officers of Cleveland County Detention Center and substantially deprived Austin Vance of his rights, privileges and immunities guaranteed to him as a citizen of the United States in violation of article 2 sec. 30 of the Oklahoma Constitution.

30.     As a direct and proximate result of the foregoing acts and omissions, Austin Vance died.

31.     The aforementioned actions of the individual officers were conscience shocking, and were proximately caused by the policies and customs or systemic deficiencies of Defendant BOCC which were the underlying causes of Austin Vance's death.

.    32.     Upon his admission to the detention center, Austin Vance made it known to

the admitting jail staff, that he had ingested "adderall". His speech was observed to be incoherent and incomprehensible. Instead of providing Vance with medical care, the jail staff strapped him to a chair and hooded him without providing him with any medical care. The detention officers used force to restrain and subdue him, in reckless disregard for the welfare of Austin Vance. The restraint and hooding of Vance, in combination with the CCDC staffs' failure to provide Vance with adequate medical care resulted in Vance suffering sudden death.

33. The actions of the jail staff were objectively unreasonable under the circumstances and exceeded the force necessary to subdue him, if necessary, in violation of Article 2, § 30 of the Oklahoma Constitution for which Defendants are liable in their individual capacities and for which the Board of County Commissioners are liable under a theory of *respondeat superior*.

34. The actions of Defendants were taken within the scope of their employment and in furtherance of a policy or practice of Cleveland County that condoned the use of excessive force in violation of Article 2, Section 30 of the Oklahoma Constitution for which the Board of County Commissioners is liable.

### THIRD CAUSE OF ACTION---
### INTENTIONAL INFLICTION
### OF EMOTIONAL DISTRESS
### AGAINST JOHN DOE EMPLOYEES OF CCDC

35. Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

36. The aforesaid alleged conduct of the individual John Doe Employees of the CCDC, as described above, in failing to provide adequate medical care to Austin Vance, the application of excessive force in strapping Austin Vance to a chair to restrain him, and the use of excessive force in placing a hood on Vance's head was intentional, knowing, willful and purposeful and outrageous beyond all bounds of human decency which a civilized society should not tolerate, and the Defendants knew or should have known that their said conduct would inflict severe emotional distress upon the Plaintiff.

37. Plaintiff and her decedent have suffered physical, mental and emotional distress, and including pain and suffering, and other damages as a result of the aforesaid alleged acts and conduct of the individual John Doe Employees.

### FOURTH CAUSE OF ACTION-----
### WANTON AND RECKLESS CONDUCT AGAINST
### DEFENDANT JOHN DOE OFFICERS OF CCDC

38. Plaintiff incorporates herein by reference all of the allegations heretofore made, and further alleges and states as follows:

39. Upon his admission to the detention center, Austin Vance made it known to the admitting jail staff that he had ingested "adderall". His speech was observed to incoherent and incomprehensible. Instead of providing Vance with medical care, the jail staff strapped him to a chair and hooded him without providing him with any medical care. The detention officers used force to restrain and subdue him, in reckless disregard for the welfare of Austin Vance. The restraint in combination with the hooding and the jail staff's failure to provide Vance with adequate medical care resulted in Vance suffering sudden death.

40. To the extent, the conduct of the jail staff were to be determined by a jury to be intentional, and fell outside the scope of their employment, then the Plaintiff alleges that the conduct of the jail staff constituted wanton and reckless disregard to the rights of Austin Vance and warrants punitive damages against the John Doe Employees of the CCDC..

## DAMAGES

41. Plaintiff hereby incorporates, in their entirety, Paragraphs 1 through 40 as set forth above and by reference make said Paragraphs a part hereof as if fully set forth herein.

42. As a direct and proximate result of the aforementioned actions of the Defendants, Austin Vance was killed. The damages for which the Plaintiff seeks as compensation on behalf of Austin Vance from the Defendants, include, but are not limited to, the following:

   a. The wrongful death of her son, Austin Vance;

   b. Physical Pain and Suffering;

   c. Emotional Pain and Suffering;

   d. Medical Expenses;

   e. Loss of Enjoyment of Life;

   f. Loss of Earning Capacity;

   g. Loss of Services of Austin Vance;

   h. Funeral Expenses;

   i. Punitive damages against the applicable Defendants;

   k. Pre and post judgement interest;

   l. All such further relief, both general and specific, to which she may be

entitled under the premises.

## PRAYERS FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff prays for judgment against the Defendants, both jointly and severally, for the following:

    a.    A declaratory judgment that the policies, practices or customs of the Cleveland County complained of herein are illegal and unconstitutional;

    b.    Compensatory damages in the amount to be determined by the jury;

    c.    Punitive damages against the applicable Defendants in the amount to be determined by the jury;

    e.    Pre and Post Judgment Interest;

    f.    All such further relief, both general and specific, to which the Plaintiff may be entitled under the premises;

Respectfully Submitted,

/s/E. Ed Bonzie
E. Ed Bonzie, OBA# 15190
Attorney for the Plaintiffs
8201 S. Walker
Oklahoma City, OK 73139
405-631-1021
405-616-2488 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2017, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing and transmittal f Notice of Electronic Filing to the following ECF registrants:

Robert S. Lafferrandre, Esquire
Randall J. Wood, Esquire
Jessica L. Dark,
PIERCE COUCH HENDRICKSON BAYSINGER& GREEN, LLP
Post Office Box 26350
Oklahoma City, Oklahoma 73126
Attorneys for BOCC

/s/E. Ed Bonzie
E. Ed Bonzie