IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CYNTHIA WILLIAMS,                )
                                 )
                                 )
        Plaintiff,                )
                                 )
v.                               )     Case No. CIV-17-1051-C
                                 )
BOARD OF COUNTY COMMISSIONERS)
FOR CLEVELAND COUNTY; and        )
JOHN DOE OFFICERS OF CLEVELAND )
COUNTY DETENTION CENTER ,        )
                                 )
        Defendants.               )

MEMORANDUM OPINION AND ORDER

Now before the Court is the Partial Motion to Dismiss of Defendant Board of County Commissioners for Cleveland County (Dkt. No. 30); the Plaintiff's Response and Objection to Defendant Board of County Commissioners' Motion to Dismiss (Dkt. No. 31); and the Reply in Support of Partial Motion to Dismiss of Defendant Board of County Commissioners for Cleveland County (Dkt No. 34). The Motion is now at issue.

I. Standard

Defendant argues that the first cause of action asserted against it in the Second Amended Complaint (Dkt. No. 28) should be dismissed because Plaintiff fails to state a claim upon which relief can be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), provide the standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). The Supreme Court states that although there is no need for "detailed factual allegations," the plaintiff should

provide the grounds for relief with "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. It is also important to note that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. In Iqbal, the Supreme Court notes that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. The Court explains that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. Therefore, the Court will analyze the sufficiency of the factual allegations supporting each claim that Defendant wishes the Court to dismiss. The Court will accept all well-pleaded factual allegations in the Amended Petition as true and construe them in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010).

## II. Discussion

A. Causes of Action

The Court has already discussed the facts underlying this case in detail. (Mem. Op. & Order, Dkt. No. 27.) Defendant argues that the first cause of action must be dismissed because Plaintiff has failed to point to a specific "policy, practice or custom of the BOCC" (Def.'s Partial Mot. to Dismiss, Dkt. No. 30, p. 7.) In order to establish and maintain a claim for municipal liability under § 1983, a plaintiff must "prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights." Moss v. Kopp, 559 F.3d 1155, 1168 (10th Cir. 2009). In this instance, Plaintiff argues that the officers' actions "were conscience shocking, and were proximately caused by the policies and customs or systemic deficiencies of the BOCC Defendant which

2

was the underlying cause of Austin Vance's death." (Second Am. Pet., Dkt. No. 28, p. 7.) The Plaintiff also alleges that Cleveland County Detention Center "staff committed the above[-]described actions and/or omissions under the color of law and by virtue of their authority as law enforcement officers of Cleveland County Detention Center." (Second Am. Pet., Dkt. No. 28, p. 6.) As this Court stated in its prior order, even if the Plaintiff was not able to identify a particular policy, this Court would not dismiss her claim because she is alleging there was a lack of proper policy, which is sufficient to state a claim.

B. Punitive Damages

Defendant argues that "it appears that the Plaintiff may be asserting a punitive damages claim against the BOCC." (Def.'s Partial Mot. to Dismiss, Dkt. No. 30, p. 3.) Plaintiff concedes that "a municipality is immune from § 1983 and state law punitive damages claims." (Pl.'s Resp. and Objection, Dkt. No. 31, p. 10.)

## CONCLUSION

For the reasons stated herein, the Partial Motion to Dismiss of Defendant Board of County Commissioners for Cleveland County (Dkt. No. 30) is DENIED in part and GRANTED in part.

IT IS SO ORDERED this 1st day of March, 2018.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge