IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CYNTHIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1051-C |
| | ) | |
| CLEVELAND COUNTY BOARD OF | ) | |
| COUNTY COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court is a Partial Motion to Dismiss filed by Defendants Coffey, Coley, Norman, Cornish, Harris, and Kyle (Dkt. No. 48) seeking dismissal of state law claims. Plaintiff filed a Response and Objection to the motion (Dkt. No. 52) and Defendants filed a Reply (Dkt. No. 54).

I. Background

On March 6, 2017, Plaintiff filed her Petition. Prior to the Third and Fourth Amended Complaint, the below-named Defendants were referred to as John Doe Officers of Cleveland County Detention Center. On May 15, 2018, Plaintiff filed her Third Amended Complaint and named Defendants Josh Coffey, Coltan Coley, Dakota Norman, Saysha Cornish, and Josh Harris, all in their individual capacities. On May 18, 2018, Plaintiff filed her Fourth Amended Complaint and named Defendants Josh Coffey, Coltan Coley, Dakota Norman, Saysha Cornish, Josh Harris, and Kameron Kyle, all in their individual capacities.

## II. Standard

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In those cases, the Supreme Court made clear that to survive a motion to dismiss, a pleading must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. Id. Thus, the starting point in resolving the Motions is to examine the factual allegations supporting each claim that Defendants wish the Court to dismiss. The Court will accept all well-pleaded factual allegations in the Amended Petition as true and construe them in the light most favorable to the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). However, conclusory allegations need not be accepted as true. Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011).

## II. Discussion

Defendants argue that the claims alleged in the Third and Fourth Causes of Actions (state law claims) are barred by the statute of limitation because Plaintiff's Third and Fourth amendments are outside of the one-year statute of limitations. Defendants argue Plaintiff cannot substitute named defendants because the Rule 15(c) doctrine does not apply. (Def.'s Reply, Dkt. No. 54, p. 2). Plaintiff rebuts that argument by stating her Fourth Amendment Complaint relates back to her original Complaint. (Pl.'s Mot., Dkt. No. 52, p. 4).

In this instance, the decedent, Austin Vance, was a pretrial detainee in the custody of the Cleveland County Detention Center. Pretrial detainees have been equated to "'an inmate in the custody' of a political subdivision of the state for purposes of § 95(A)(11)." Fisher v. Glanz, No. 14-CV-678-TCK-PJC, 2016 WL 1175239 at *9 (March 24, 2016 N.D. Okla. 2016). Under 12 Okla. Stat. § 95(A)(11) Plaintiff had one year to file suit; the Oklahoma statute states:

> (A)(11) All actions filed by an inmate or by a person based upon facts that occurred while the person was an inmate in the custody of one of the following:
> a. the State of Oklahoma
> b. a contractor of the State of Oklahoma, or
> c. a political subdivision of the State of Oklahoma,
> to include, but not be limited to, the revocation of earned credits and claims for injury to the rights of another, shall be commenced within (1) year after the cause of action shall have accrued. . .

12 Okla. Stat. § 95(A)(11). "A suit against an employee in his or her official capacity, as a suit against the governmental entity, must be based upon the claimant presenting written notice of a claim within one year of the date the loss occurs, or the claim is forever barred." Pellegrino v. State ex rel. Cameron University ex rel. Board of Regents of State, 63 P.3d 535, 537 (2003). Plaintiff filed suit within the one-year statute of limitations. Rule 15(c) states that an amended pleading will be subject to the relation back doctrine when:

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have know that, but for a mistake

3

> concerning the identity of the proper party, the action would have bene brought against the party.

Fed. R. Civ. P. 15(c). Under the instant circumstances, Plaintiff must satisfy all three requirements. See Alexander v. Beech Aircraft Corp., 952 F.2d 1215, 1227-28 (10th Cir. 1991). "[I]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Tapia–Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (per curiam). An amended complaint can "relate back to the original complaint only if the new party 'knew or should have know that, but for a *mistake* concerning the identity of the proper party, the action would have been brought against the party." Barrow v. Wethersfield Police Dept., 66 F.3d 466, 469 (2nd Cir. 1995) (quoting Fed. R. Civ. P. 15(c)). Plaintiff's lack of knowledge of the named Defendants at the time of the original petition and subsequent Amended Complaint and Second Amended Complaint does not satisfy the "mistake" standard set forth in Rule 15(c)(3)(B). "A plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type Rule 15(c)(3) was meant to address." Garrett v. Fleming, 362 F.3d 692, 697 (10th Cir. 2004).

The newly named parties did not have notice of the action prior to the expiration of the statute of limitations and the newly named parties neither knew nor should have known that but for a mistake in identity, the action would have been brought against them. Although Plaintiff's first petition was filed within the applicable statute of limitations, Plaintiff cannot use the relation back doctrine to substitute John Doe

4

defendants for named defendants after the applicable statute of limitations period has passed to circumvent the statute of limitations. As a result, Plaintiff's state law claim must be dismissed.

B. Defendants' Immunity

This Court finds it unnecessary to address Defendants' argument regarding the individual defendants' immunity from suit. Plaintiff's state law claims against Defendant are dismissed.

C. Loss of Consortium Claim

Plaintiff concedes that her loss of consortium claim is not recoverable under § 1983; but as all state law claims against the undersigned Defendants are dismissed by this order, loss of consortium against these Defendants is not a cognizable claim.

CONCLUSION

For the reasons stated above, Plaintiff's Partial Motion to Dismiss (Dkt. No. 48) is GRANTED, and all state law claims, i.e., Third and Fourth causes of action, are dismissed.

IT IS SO ORDERED this 30th day of July, 2018.

ROBIN J. CAUTHRON
United States District Judge